UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| DOROTHY ROSS,<br><br>Plaintiff,<br><br>v.<br><br>WESTGATE RESORTS LTD.<br><br>Defendant. | CASE NO.:<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br>FCRA, 15 U.S.C. §1681 *et seq*. |

Plaintiff Dorothy Ross ("Plaintiff"), by and through her undersigned attorneys, alleges the following against the Defendant WESTGATE RESORTS LTD ("Westgate") and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the Federal Fair Credit Reporting Act (FCRA) 15 U.S.C. §§ 1681a–x and for the common-law tort of defamation.

2. The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

3. The Act likewise demands that consumers' disputes of inaccurate information be taken seriously by industry players, requiring that they do much more than simply pass information between themselves electronically without actually investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

4. Westgate reported the inaccurate account to Experian and Equifax ("CRAs"). Plaintiff disputed the inaccuracies to them as well, to no avail.

5. When a consumer disputes the accuracy of information with the agencies, they must transmit that dispute to the entity who furnished the information, here Westgate. Westgate, the furnisher, must then conduct its own, independent investigation of the dispute. Id. § 1681s-2(b).

## JURISDICTION

6. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

7. Defendant resides in and transacts business in the State of Florida, therefore jurisdiction is established.

8. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C §1391b(1).

## PARTIES

9. Plaintiff is a natural person residing in the State of Georgia.

10. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

11. Defendant Westgate is a "person," as defined under 15 U.S.C. § 1681a(b), headquartered in Florida at 5601 Windhover Drive, Orlando, Florida 32819.

12. Westgate is also a "furnisher" as defined by the FCRA and caselaw interpreting the statute.

13. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## GENERAL ALLEGATIONS

14. Sometime prior to the commencement of this action, the Plaintiff settled and paid a debt on a timeshare she owned.

15. Sometime thereafter, Plaintiff received a letter from Westgate Resorts, confirming that Westgate had released the Plaintiff from any contractual ownership and past delinquencies and her account with Westgate was closed.

16. Subsequently, Plaintiff requested her consumer reports maintained by Experian and Equifax.

17. Plaintiff was dismayed to discover that Westgate was now furnishing inaccurate information to Experian and Equifax, including but not limited to the balance of the account, the past due amount and the status of the account.

18. This reporting was erroneous in that the balance of the account should reflect $0, the past due amount should also reflect $0 and the status should reflect the account being paid.

19. Plaintiff immediately disputed the debt with Westgate through the credit reporting bureaus.

20. Having learned that Westgate was inaccurately reporting the account to the CRA Defendants, Plaintiff sent disputes to Experian and Equifax to attempt to have them remove the inaccuracies from her credit reports.

### *Plaintiff Disputes The Inaccuracies With Westgate Resorts*

21. A check of her consumer files maintained by Equifax and Experian also revealed that Westgate was furnishing inaccurate information about the account to Equifax and Experian.

22. The information furnished by Westgate to Equifax and Experian was at all times inaccurate.

23. On or about December 23, 2021, Plaintiff sent correspondence to Experian, requesting that Experian verify and correct the inaccurate, erroneous, and unverified representations made by Westgate on her credit file.

24. On or about dates better known to Experian and Westgate, Experian furnished Plaintiff's disputes to Westgate via e-Oscar.

25. Westgate failed to reasonably reinvestigate Plaintiff's disputes that Westgate received from Experian in violation of the FCRA.

26. On or about December 23, 2021, Plaintiff sent correspondence to Equifax, requesting that Equifax verify and correct the inaccurate, erroneous, and unverified representations made by Westgate on her credit file.

27. On or about dates better known to Equifax and Westgate, Equifax furnished Plaintiff's disputes to Westgate via e-Oscar.

28. Westgate failed to reasonably reinvestigate Plaintiff's disputes that Westgate received from Equifax in violation of the FCRA.

### *Plaintiff Suffered Actual Harm*

29. Defendant Westgate has continued to furnish erroneous information to the CRAs, despite being notified of the inaccuracies.

30. Plaintiff has been attempting to resolve these matters with Defendant and her credit was significantly destroyed by Defendant's failure to correct the inaccurate reporting.

31. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    a. Stress associated with multiple denials for personal loans, credit cards, and delays in applying for future lines of credit;

    b. Monies lost by attempting to fix her credit, e.g. communication costs, postage for disputes;

    c. Loss of time attempting to cure the errors;

    d. Mental anguish, stress, aggravation, and other related impairments to the enjoyment of life.

32. Stress associated with hundreds of hours attempting to resolve this matter.

### *Defendant's Conduct Was Willful*

33. The FCRA allows for a remedy for a "willful" violation. A willful act or violation includes, "not only knowing violations of [the statute], but reckless ones as well." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, at 57 (2007). A "reckless" action includes conduct whereby "the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69.

34. Proof of willfulness includes, for example, "evidence that other consumers have lodged complaints similar to" the one made by the Plaintiff and a failure to make the correction right away. *Dalton*, 257 F.3d at 418; *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 151 (4th Cir. 2008).

35. As detailed above, the FCRA section at issue here, and informative guidance, have been around now for over 50 years. The language of § 1681s-2 has not changed. The Defendant's dispute investigation obligations under § 1681s-2(b)(1)(A) have not changed. The FCRA's caution of Defendant's "grave responsibilities" to ensure accuracy has not changed.

36. Defendant's procedures imposed on the Plaintiff and similarly situated consumers an unjustifiably and unreasonable risk of harm that could have been mitigated or avoided with just modest imposition.

### **CLAIMS FOR RELIEF**

**COUNT 1: AGAINST WESTGATE**
**Violation of § 1681s-2(b)(1)(A) of the FCRA**

37. Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

38. The FCRA requires that "After receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

39. It is evident that Defendant Westgate failed to fully conduct a reasonable investigation of the Plaintiff's disputes after said dispute was furnished to Westgate by Equifax and Experian, as required by 15 U.S.C. § 1681s-2(b)(1)(A).

40. As a result of the above-described violation to §1681s-2(b)(1)(A), Plaintiff has sustained damages including denial of credit, emotional distress, and mental, financial and physical pain.

41. Defendant Westgate's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

42. Defendant Westgate's violative conduct was intentional, willful and negligent.

43. The violations by Westgate were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Westgate was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

44. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Westgate in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**COUNT 2: AGAINST WESTGATE**
**Violation of § 1681s-2(b)(1)(E) of the FCRA**

45. Plaintiff repeats and realleges the allegations contained in the above paragraphs and incorporates them with the same force and effect as if set forth specifically herein.

46. Defendant Westgate violated FCRA § 1681s-2(b)(1)(E).

47. The § 1681s-2(b)(1)(E) of the FCRA provides that if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

48. Defendant Westgate failed to accurately correct and update or delete Plaintiff's information for a period of time subsequent to receiving Plaintiff's dispute from Equifax and Experian prior to the commencement of this action any as required by 15 U.S.C. § 1681s-2(b)(1)(E).

49. As a result of the above-described violation to §1681s-2(b)(1)(E), Plaintiff has sustained damages including denial of credit, emotional distress, and mental, financial and physical pain.

50. Defendant Westgate's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more completely above.

51. Defendant Westgate's violative conduct was intentional, willful and negligent.

52. The violations by Westgate were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Westgate was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

53. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Westgate in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## JURY DEMAND

54. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Dorothy Ross respectfully requests judgment in Plaintiff's favor and damages and equitable relief against Defendant:

A. Declaratory judgment that Defendant violated the FCRA;

B. Actual damages pursuant to 15 U.S.C. §1681n(a);

C. Statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A);

D. Punitive damages pursuant to 15 U.S.C. §1681n(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n(c) and 1681o(b);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

G. Specific performance and injunctive relief; and

H. Any relief that this Court deems appropriate.

Dated: February 18, 2023

                                                                                       Respectfully submitted,

                                                    **/s/ Jonathan Benjamin**
                                                                 JONATHAN BENJAMIN
                                                                   Florida Bar No. 91315
                                     **BENJAMIN LAW PRACTICE, PLLC**
                                                      4581 Weston Road, Suite 155
                                                                 Weston, FL 33331
                                                 Telephone: (954) 716-8362
                                                  Facsimile: (954) 477-8020
                                                       Counsel for Plaintiff

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that on February 18, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System and that the forgoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

       **/s/ Jonathan Benjamin**
JONATHAN BENJAMIN
Florida Bar No. 91315
**BENJAMIN LAW PRACTICE, PLLC**
4581 Weston Road, Suite 155
Weston, FL 33331
Telephone: (954) 716-8362
Facsimile: (954) 477-8020
Counsel for Plaintiff